UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**JOSE AMARO**,

    Plaintiff,

v.

**ASSOCIATED STEEL AND ALUMINUM INC**,
a Florida corporation,
**OMAR SILVERIO**,
individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, Jose Amaro ("Amaro"), under the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, Associated Steel and Aluminum Inc ("Associated Steel") and Omar Silverio ("Silverio"), and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiff's federal civil and statutory rights.

2. Associated Steel is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

3. Silverio is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

4. Amaro is *sui juris*, a resident of Miami-Dade County, Florida, and subject to the jurisdiction of this Court.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. Upon information and belief, the annual gross revenue of Associated Steel was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, Associated Steel was and continues to be an enterprise engaged in interstate commerce.

8. At all material times hereto, Associated Steel operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by Associated Steel, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. By reason of the foregoing, Associated Steel is and was, during all time material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

11. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce.

12. Upon information and belief, Silverio was the president of Associated Steel and had economic and day-to-day control of Associated Steel, and of the nature and structure of Plaintiff's employment relationship with Associated Steel and was therefore an employer as defined by 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

13. Upon information and belief, Associated Steel employed Plaintiff as a "welder" for about three and a half years, from approximately February 7, 2016 through July 26, 2019.

14. Plaintiff was a non-exempt employee under the FLSA.

15. Throughout his employment with Associated Steel, Plaintiff routinely worked in excess of forty (40) hours per week.

16. Specifically, Plaintiff worked an average of fifty-five (55) hours per week, with fifteen (15) hours of overtime.

17. Defendants failed/refused to pay to Plaintiff the required overtime wages by paying him straight time.

18. Defendants willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime wages for all hours worked by him.

19. Defendants knew of the overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether its payroll practices were in accordance with the FLSA.

20. As a result of Defendants' actions, Plaintiff has suffered damages and is entitled to receive compensation.

21. Plaintiff has complied with all conditions precedent to filing this action.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

23. On September 5, 2019, Plaintiff through his undersigned counsel, sent to Associated Steel a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting that they pay the amounts owed to Plaintiff, but Associated Steel failed/refused to do so.

## COUNT I
## OVERTIME (FLSA)
## AGAINST ASSOCIATED STEEL

24. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

25. This is an action against Associated Steel for overtime compensation pursuant to 29 U.S.C. § 216(b).

26. Plaintiff routinely worked in excess of forty (40) hours per week for Associated Steel.

27. Specifically, Plaintiff worked an average of fifty-five (55) hours per week, with fifteen (15) hours of overtime.

28. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

29. Defendant knew or should have known that Plaintiff suffered and was permitted to work overtime as defined by 29 U.S.C. § 203(g).

30. Associated Steel failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

31. At all material times, Associated Steel knew or should have known that such refusal and/or failure was prohibited by the FLSA.

32. Notwithstanding, Associated Steel intentionally and willfully violated the FLSA, as cited herein.

33. At all material times, Associated Steel failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

34. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT II
## OVERTIME (FLSA)
## AGAINST SILVERIO

35. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-three (23) above.

36. This is an action against Silverio for overtime compensation pursuant to 29 U.S.C. § 216(b).

37. Plaintiff routinely worked in excess of forty (40) hours per week for Silverio.

38. Specifically, Plaintiff worked an average of fifty-five (55) hours per week, with fifteen (15) hours of overtime.

39. Plaintiff was a non-exempt hourly employee, entitled to be compensated at a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

40. Defendant knew or should have known that Plaintiff suffered and was permitted to work overtime as defined by 29 U.S.C. § 203(g).

41. Silverio failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates, for which he was employed, contrary to the provisions of 29 U.S.C. § 207(a).

42. At all material times, Silverio knew or should have known that such refusal and/or failure was prohibited by the FLSA.

43. Notwithstanding, Silverio intentionally and willfully violated the FLSA, as cited herein.

44. At all material times, Silverio failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

45. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

46. Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jose Amaro, respectfully requests that judgment be entered in his favor against Defendants, Associated Steel and Aluminum Inc and Omar Silverio. Plaintiff is entitled to legal and equitable relief including, payment of unpaid wages, additional amounts such as liquidated damages, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), and granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of December 2019.

By: /s/ Henry Hernandez
Henry Hernandez, Esq.
Florida Bar No. 542601
Law Office of Henry Hernandez, P.A.
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: Henry@HHLAWFLORIDA.com
Tel: 305.771.3374

By: /s/ Monica Espino
Monica Espino, Esq.
Florida Bar No. 834491
Espino Law
2655 S. Le Jeune Road, Suite 802
Coral Gables, FL 33134
Email: me@espino-law.com
Tel: 305.704.3172

*Attorneys for Plaintiff*